IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| M,A, YAH, | ) | 8:07CV418 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| SELECT PORTFOLIO, | ) | **AND ORDER** |
| FANNIE MAE FOUNDATION, | ) | |
| STEFFI A. SWANSON, and | ) | |
| JOSEPH TROIA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's motion for extension of time to pay his initial partial filing fee (filing 9). In a memorandum and order entered on October 30, 2007, the court granted the plaintiff leave to proceed in forma pauperis and directed him to pay an initial partial filing fee of $2.30 by November 30, 2007. The plaintiff states in his motion that he has been moved from FCI Greenville to the Pottawattamie County Jail, and is no longer earning a monthly income from which to pay the initial partial filing fee; the plaintiff also states that he will need to ask a friend or a relative for the money.

Because of the plaintiff's showing of good cause, the plaintiff's case will proceed notwithstanding nonpayment of the initial partial filing fee by the original deadline. 28 U.S.C. § 1915(b)(4) states "[i]n no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 957 n. 9 (D. Neb. 2001). Instead, "the whole of the ... filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

IT IS ORDERED THAT:

1. The plaintiff has shown good cause for modification of his prisoner payment order, and his motion for extension (filing 9) is granted a provided below.

2. The initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing of $350.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00. *Id.*

3. The Clerk of the court shall serve a copy of this memorandum and order, and also of the court's previous memorandum and order (filing 7), on the appropriate financial officer for the plaintiff's current institution.

4. The plaintiff shall continue to keep the court informed of his current address at all times while this case is pending, as failure to do so could cause the case to be dismissed.

November 25, 2007.	BY THE COURT:

	s/ *Richard G. Kopf*
	United States District Judge