IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| M.A. YAH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV418 |
| | ) | |
| v. | ) | |
| | ) | |
| SELECT PORTFOLIO, FANNIE | ) | **MEMORANDUM** |
| MAE FOUNDATION, STEFFI A. | ) | **AND ORDER** |
| SWANSON, and JOSEPH TROIA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed his Complaint on October 18, 2007. (Filing No. 1.) On October 30, 2007, Plaintiff was given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. INITIAL REVIEW OF COMPLAINT

### A. Summary of Complaint

Plaintiff filed his Complaint on October 18, 2007, naming Select Portfolio, Fannie Mae Foundation, Steffi A. Swanson and Douglas County Judge Joseph Troia as Defendants.

Condensed and summarized, Plaintiff's Complaint alleges that each of the Defendants violated his constitutional rights to due process of law in connection with the sale of Plaintiff's land. (Filing No. 1 at CM/ECF p. 3.) Specifically, Plaintiff alleges that Defendants Swanson and Select Portfolio violated his rights under the Fifth and Fourteenth Amendment of the Constitution when they failed to cancel the

foreclosure and subsequent sale of Plaintiff's land in accordance with a Douglas County Court Order. (*Id.*) Plaintiff further claims that Douglas County Judge Troia improperly engaged in an ex parte communication with Defendant Swanson. (*Id.* at CM/ECF p. 4.)

On January 20, 2005, Plaintiff was notified that Select Portfolio had filed for foreclosure of his loan, and that his property would be sold at a public auction. (*Id.* at CM/ECF p. 2.) In Plaintiff's Complaint, he states that on February 23, 2005, he filed a "Petition for Mandamus" in Douglas County Court, requesting that the court prevent the immediate sale of his land. (*Id.* at CM/ECF p. 2.) The Douglas County Court entered a "Temporary Order in Mandamus and Order for Hearing" on February 23, 2005, but after a hearing on March 7, 2005 dismissed the case. (*Id.* at CM/ECF pp. 2-3.)

On March 29, 2005, Plaintiff received notice that his property had been sold at a public auction. *Id.* Plaintiff filed an action in Douglas County District Court on April 4, 2005, challenging the land sale and alleging that Select Portfolio and Swanson had violated his constitutional rights. (*Id.*) Specifically, Plaintiff argued that the February 23, 2005 temporary order required Defendants Swanson and Select Portfolio to cancel the sale of his land, but that rather than cancel the sale of his land, Defendants Swanson and Select Portfolio merely postponed the sale of his land until after the March 7, 2005 hearing. Plaintiff further claims that Defendants improperly postponed the sale of his land, rather than cancel the sale of his land outright, based on an improper ex parte communication with Douglas County Judge Troia. On August 17, 2005, the Douglas County Court held an evidentiary hearing on the matter and found in favor of the Defendants. (*Id.* at CM/ECF pp. 3-4.) This decision was affirmed by the Nebraska Supreme Court on October 10, 2007. (*Id.* at CM/ECF p. 4.)

Plaintiff asks that this court issue an order stating that the sale of land was illegal, order Defendants to return the deed of property to Plaintiff, order Defendants

2

Swanson, Select Portfolio and Fannie Mae Foundation to each pay the Plaintiff $150,000, and order the State of Nebraska to pay the Plaintiff $250,000 based on the alleged ex parte communication by Judge Troia.  (*Id.* at CM/ECF p. 5.)

### B.     Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges that Judge Troia violated his constitutional rights by engaging in an ex parte communication with Defendant Swanson.  Plaintiff further claims that the sale of his land violated his right to due process of law under the Fifth and Fourteenth Amendments of the Constitution.

3

### C. Discussion of Claims

#### 1. Judicial Immunity

Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* However, absolute judicial immunity does not extend to suits requesting declaratory and prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984).

Here, Douglas County Judge Troia's alleged actions occurred while he was acting in his judicial capacity and in the course of judicial proceedings. (Filing No. 1, at CM/ECF 3-4.) It is clear from the allegations that Judge Troia was not acting in the complete absence of all jurisdiction. Plaintiff does not allege that Judge Troia acted outside of his jurisdiction. Therefore, Defendant Troia has complete judicial immunity from monetary damages and Plaintiff's Complaint, to the extent it seeks monetary relief, must be dismissed.

#### 2. *Rooker-Feldman* Doctrine

Plaintiff's remaining claims and requests for relief challenge a Douglas County District Court order allowing the sale of his land. A federal district court does not possess authority to review or alter final judgments of a state court judicial proceeding. *See Lemonds v. St. Louis County*, 222 F.3d 488, 492-95 (8th Cir. 2000) (holding that *Rooker-Feldman* doctrine forecloses indirect attempts to undermine state court decisions). Appellate jurisdiction over state court decisions, even when the challenge to the state court's actions involves federal constitutional issues, lies

exclusively in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. Therefore, the "*Rooker-Feldman* doctrine" bars this court from correcting a state court judgment, and no relief is available in this court to do so.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Complaint is dismissed without prejudice to reassertion in state court in accordance with this memorandum and order.

2. A separate judgment will be entered in accordance with this memorandum and order.

January 10, 2008.                    BY THE COURT:

                                     *s/Richard G. Kopf*
                                     United States District Judge